IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV189 |
| | ) | |
| v. | ) | |
| | ) | |
| VICKI, ETTA GRAVES, and | ) | **MEMORANDUM** |
| LESLIE DOUGLAS, Clerks of | ) | **AND ORDER** |
| Douglas County Court, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff, a nonprisoner, has filed this 42 U.S.C. § 1983 action against three clerks of the Douglas County Court in their official and individual capacities, requesting an injunction requiring the clerks to "file our notices of appeal in criminal traffic cases CR16-8023 etc. take appeal to judge." (Filing No. 1.) Plaintiff alleges that the clerks "have destroyed" his appeals and have failed to take his "NRS 29-2412 motions to judge for his . . . order."[1] Plaintiff seeks $1 million in damages.

## III. DISCUSSION

**A. Access to the Courts**

Liberally construing Plaintiff's limited allegations, Plaintiff seems to be claiming that the county clerks' actions have deprived him of his constitutional right to access the courts. While the constitutional basis for this right has been recognized

---

[1] This reference may refer to Neb. Rev. Stat. § 29-2412 (Westlaw 2016), which deals with a confined defendant's obligation to pay fines or costs of prosecution when the defendant "has no estate with which to pay such fines or costs."

as "unsettled," *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (2002),[2] an access-to-the-courts claim (whatever its constitutional basis) requires a plaintiff to have a nonfrivolous, arguable, underlying claim, *id.*, and the plaintiff must show that the county clerks' actions caused the plaintiff to suffer actual injury or prejudice. *Maness v. Dist. Court of Logan Cty.*, 495 F.3d 943, 944 (8th Cir. 2007). The right of access to the courts "applies not only to the actual denial of access to the courts, but also to situations in which the plaintiff has been denied meaningful access by some impediment put up by the defendant." *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005).

In this case, Plaintiff alleges nothing about the case the Defendants have prevented him from appealing or about the claims at issue in that case such that the court can analyze whether Plaintiff has a nonfrivolous, arguable, underlying claim and whether the Defendants' actions caused Plaintiff to suffer actual injury or prejudice. Plaintiff will be given leave to file an amended complaint in order to make such allegations.

## B. Quasi-Judicial Immunity

Court clerks are absolutely immune for "discretionary" acts, which are those taken at a judge's direction or pursuant to court rule. *Geitz v. Overall*, 62 Fed. App'x 744, 2003 WL 1860542, at *1 (8th Cir. 2003) (unpublished) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear

---

[2]The *Harbury* court noted that the Supreme Court has grounded the right of access to the courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, the Fourteenth Amendment Equal Protection Clause, and the Fourteenth Amendment Due Process Clause. *Harbury*, 536 U.S. at 415 n.12 (citing cases).

3

absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (internal brackets, quotation, and citation omitted).

The Eighth Circuit Court of Appeals has held that where a pro se plaintiff claiming denial of access to the courts alleged that court clerks intentionally failed to file the plaintiff's submissions, failed to notify the plaintiff of court orders, and failed to respond to the plaintiff's inquiries—which the court decided were arguably "ministerial" acts—and where the pro se plaintiff did not allege that the court clerks were acting pursuant to court rules or judicial instructions, the plaintiff stated a § 1983 claim against the clerks. *Geitz*, 2003 WL 1860542, at * 2 (reversing dismissal of court clerks under 28 U.S.C. § 1915 in pro se § 1983 case for denial of access to the courts).

Similar to *Geitz*, Plaintiff has alleged that Defendants have "destroyed" his appeal and have "failed" to present Plaintiff's motions to the assigned judge for ruling, and he does not state that these actions were taken pursuant to court rules or instructions from a judge, making Defendants' actions arguably "ministerial." Therefore, it does not appear upon initial review that quasi-judicial immunity is applicable to Defendants. *Maness v. Dist. Court of Logan Cty.*, 495 F.3d 943, 944 (8th Cir. 2007) (court clerk's failure to present plaintiff's IFP application to judge was ministerial and, therefore, clerk was not shielded by absolute quasi-judicial immunity) (collecting cases).

**C. Official-Capacity Claims**

Naming a government official in his or her official capacity, as Plaintiff does here, is the equivalent of naming the government entity that employs the official—Douglas County in this case. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 liability for a constitutional violation may attach" to a county only "if the violation resulted from (1) an official . . . policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."

*Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (brackets, citations, and quotations omitted).

Because Plaintiff makes no allegations whatsoever that would subject Douglas County to liability under this standard, he shall be given leave to amend his Complaint to make good-faith factual allegations sufficient to state a claim against Defendants in their official capacities.

Accordingly,

IT IS ORDERED:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth good-faith factual allegations regarding: (a) the claims brought in the Douglas County case the Defendants have allegedly prevented him from appealing; (b) how the Defendants' actions caused Plaintiff to suffer actual injury or prejudice; and (c) the existence and contents of an official policy, custom, or a deliberately indifferent failure to train or supervise that caused a violation of Plaintiff's constitutional right to access the courts.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. <u>Any claims not presented in the amended complaint will be deemed abandoned</u>. If Plaintiff fails to file an amended complaint in accordance with this order, this case will be dismissed without further notice to him.

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 21, 2016: Check for amended complaint; dismiss if none filed.

DATED this 20th day of June, 2016.

> BY THE COURT:
> s/ *Richard G. Kopf*
> Senior United States District Judge